

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*



January 22, 2015

**By Hand**
The Honorable Frank Maas
United States Magistrate Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312



      Re:    **United States v. Sheldon Silver,**
             **15 Mag. 0170**

Dear Judge Maas:

      In the Complaint in this matter filed under seal yesterday, January 21, 2015, there was an error on page 19, in paragraph 29(f). The phrase "less than 1/10 of one percent" should read "less than one percent." We enclose a corrected page 19. We respectfully request that the Court order that the corrected page 19 be substituted for the page 19 in the original.

                                   Respectfully,

                                     PREET BHARARA
                                   United States Attorney

                     By:   /s/_____
                           CARRIE H. COHEN
                           HOWARD S. MASTER
                           ANDREW D. GOLDSTEIN
                           Assistant United States Attorneys

Enclosure

SO ORDERED:

_____
HON. FRANK MAAS  1/22/15
UNITED STATES MAGISTRATE JUDGE

e.   Developer-1 and Developer-2 both became clients of the Real Estate Law Firm as a direct result of actions taken by SILVER, as described below. SILVER received a share of all fees that the Real Estate Law Firm received from representing Developer-1 and Developer-2. The outside income that SILVER was paid by the Real Estate Law Firm consists exclusively of SILVER's share of fees the Real Estate Law Firm obtained through its representation of Developer-1 and Developer-2.

f.   The vast majority of the Real Estate Law Firm's tax certiorari filings relate to smaller properties with low initial valuations and, therefore, little opportunity for significant reductions in taxes and resulting contingency fees. In contrast, the Real Estate Law Firm's tax certiorari filings on behalf of Developer-1 and Developer-2 are for large properties with high valuations and, thus, larger opportunities for reductions in assessments and contingency fees. In or about 2011, for example, the Real Estate Law Firm represented approximately 19 properties owned by Developer-1 and Developer-2, constituting less than one percent of all properties represented by the firm that year, yet those 19 buildings contributed more than 31 percent of all revenue obtained by the Real Estate Law Firm that year.

g.   SILVER has no background in real estate tax certiorari work and no experience performing such work. There is no record of SILVER ever appearing before the Tax Commission. SILVER in fact performed no work for the Real Estate Law Firm whatsoever, including in connection with the firm's representation of Developer-1 and Developer-2.

h.   The Real Estate Law Firm pays SILVER periodically, often multiple times per year, by check, which is mailed from the Real Estate Law Firm to SILVER at his home address in Manhattan using the United States mail.

30.   I have learned the following from individuals employed by or lobbying on behalf of Developer-1 and Developer-2, including the Lobbyists, and public sources:

a.   Developer-1 is a major real estate developer and owner of luxury rental properties, collectively valued at more than $1 billion. In connection with these properties, Developer-1 has received substantial subsidies under the 80/20 program and tax abatements under the 421-a program, and the properties are subject

19